# SUPREME COURT.

## In the Matter of FRITZ SCHEEL.

*Habeas corpus — National guard — Member of, imprisoned for non-payment
of fines — Alien — Military Code.*

Under the Military Code (*Laws of* 1870, *chap.* 80) an alien resident of this
state may be received into a regiment of the national guard, and he may
waive his exemption from liability to do military duty; and having
done so he cannot avoid the payment of fines imposed upon him for
neglect of duty by alleging that he could not be compelled to do military duty.

A warrant of commitment under which a member of the national guard
is imprisoned for the non-payment of fines, which states the total of the
fines imposed and then requires the jailor to keep said delinquent closely
confined *in the manner and during the time required by law,* and until
discharged according to law, sufficiently specifies the time for which
the delinquent is to be imprisoned.

*Special Term, October,* 1875.

SCHEEL being a resident of the state, but an *alien,* enlisted
as a member of the fifth regiment, national guard of the city
of New York. He now seeks to be discharged on a *habeas
corpus* from imprisonment, to which he had been subjected
under the judgment of a court martial for non-payment of
fines, on the ground that being an alien he was not subject to
military duty.

LAWRENCE, *J.* — It was conceded on the argument that the
petitioner was not, at the time he enlisted, and is not a citizen of
this state, and that he has not declared his intention to become

a citizen. It is quite clear, therefore, that under the provisions of the Military Code of this state the petitioner was not at the time he enlisted subject to military duty (*Code, sec.* 1; *Laws of* 1870, *chap.* 80).

It is claimed, however, that the thirteenth section of the Military Code, which provides that "volunteers may be received and enlisted in any troop, battery or company, whether they reside in the troop, battery or company district or not," &c., &c., evinces an intention on the part of the legislature to allow those not subject to military duty to waive their exemption and voluntarily submit themselves to the obligations, duties and penalties prescribed by said code." A perusal of the act convinces me that this view is correct.

There would seem to be no necessity for providing for voluntary enlistments if the volunteers could be drawn only from the class of persons subject by law to the performance of military duty. If I am right in this construction of the law, then it follows that it was perfectly competent for Scheel to volunteer and enlist as a member of company D, in the Fifth regiment, and that by so doing he became liable to be fined if he did not comply with the rules and regulations of the company. The return, therefore, of the keeper of the county jail seems to me to show that Scheel is in his custody under a warrant, issued by a court martial which had jurisdiction of his person and which was authorized to commit him to the custody of such keeper in default of the collection of the fine imposed upon him by a levy of his goods and chattels.

Second. The objection made to the warrant of commitment, that it does not specify the time for which the delinquent is to be imprisoned, does not seem to me to be sound. It is stated in the warrant that the total fine imposed upon the petitioner is the sum of $84.70, and the jailer is required to keep said delinquent closely confined in the manner and during the time required by law and until discharged according to law. The warrant is drawn in the exact language of

section 214 of the Military Code, which provides that in default of sufficient goods and chattels of the delinquent to satisfy the fine, the marshal is "then to take the body of such delinquent and convey him to the common jail of such city or county, whose jailer shall keep the said delinquent closely confined, without bail or mainprise, for two days, for any fine or penalty not exceeding two dollars, and two additional days for every dollar above that sum, unless the fine or penalty together with the costs and the jailer's fees be sooner paid.; but no such imprisonment shall extend beyond the period of twenty days." The duty of the jailer is thus expressly defined by the law; and as the warrant states the amount of the fine, he is informed by the warrant that the case is one in which the prisoner must suffer the maximum imprisonment provided by the law, unless he is sooner discharged by the payment of the fine and jailer's fees, or unless, under the subsequent provision of the statute, he is liberated by order of the commandant of the division or brigade to which he belongs.

*Third.* The petitioner also urges as a ground for his discharge that he signed the enlistment paper, but that being a German by birth, he does not understand the English language perfectly, that he did not read the paper, and did not and does not know what it contained, and that he did not swear to it before the person before whom the oath purports to have been taken.

This allegation amounts to a charge of fraud in the matter of the enlistment. If the enlistment was fraudulently obtained it was no enlistment, and the petitioner is entitled to be released from it.

Upon this point I will hear the allegations and proofs of the parties.